

# Greenbaum Rowe Smith & Davis LLP

## COUNSELORS AT LAW

METRO CORPORATE CAMPUS ONE
P.O. BOX 5600
WOODBRIDGE, NJ 07095-0988
(732) 549-5600    FAX (732) 549-1881

DELIVERY ADDRESS: 99 WOOD AVENUE SOUTH, ISELIN, NJ 08830-2712

INFO@GREENBAUMLAW.COM
WWW.GREENBAUMLAW.COM

ROSELAND OFFICE:
75 LIVINGSTON AVENUE
SUITE 301
ROSELAND, NJ 07068-3701
(973) 535-1600
FAX (973) 535-1698

NEW YORK OFFICE:
750 THIRD AVENUE
9TH FLOOR
NEW YORK, NY 10017
(212) 847-9858

**RAYMOND M. BROWN**
PARTNER
(732) 476-3280 - DIRECT DIAL
(732) 476-3281 - DIRECT FAX
RBROWN@GREENBAUMLAW.COM

August 30, 2017

**VIA E-FILE**

The Honorable William H. Walls
United States District Judge
United States District Court for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

          **Re:** United States v. Menendez, et al.
                No. 2:15-cr-00155 (WHW)

Dear Judge Walls:

     I write to raise a serious concern about the prosecution's unsolicited "Trial Brief" that was filed with no advance notice to the defense or Court and the prejudicial effects of that filing on the venire.

     Last week, Your Honor informed all counsel that a seated juror was excused for financial hardship and that the Court and the parties would address the issue of replacing this juror on September 6, 2017. It was clear that any solution would require the recalling of some of the potential jurors who had been excused after jury selection was completed on August 23, 2017. It logically follows that when those potential jurors are returned, the passage of two weeks would require some inquiry into their media exposure and conversations with others about this case. To the best of our recollection, the jury pool was not told (nor should they have been) to continue to avoid researching the case, reading articles published by the media, and discussing the case with others. There is no doubt that many of the people remaining on the panel have read media accounts out of curiosity after being dismissed.

     Knowing all of this, this morning the prosecutors exacerbated the challenge of finding additional jurors by filing a document they call a "Trial Brief." The Court did not solicit such a filing, nor do the local criminal rules mention or require it. When counsel was in court last week, the prosecutors neither informed the court that they intended to file such a pleading nor

Greenbaum Rowe
Smith & Davis LLP

Honorable William H. Walls
August 30, 2017
Page 2

did they raise any of the "issues" addressed therein.[1]

The first 16 pages of this "brief" seem designed solely to generate adverse pretrial publicity for the defendants, giving the media a rhetorically florid preview of the prosecutors' opening argument. Even worse, the prosecutors include new, irrelevant and inflammatory "facts," describing which movie stars spend time at Casa de Campo or at a hotel in Paris. Moreover, under the guise of anticipated evidentiary issues, the prosecutors highlight salacious issues that they posit could come into the case.

Only after the lengthy, lurid and one-sided narrative of the case, do the prosecutors set out a limited number of issues that the Court *might* have to address during trial. These issues would more properly be the subject of motions *in limine*. Each of these matters could have been raised last week when all parties and counsel were present -- rather than at a time and manner that predictably is shaping media coverage during the on-going jury selection process.

Whether intended or not, this so called "Trial Brief" has already created a lot of news. In the few hours since the Government's filing, the defense has already received press inquiries regarding the filing from various media outlets. Several articles detailing the filing have been published. *See* Sarah Jorgensen and Laura Jarrett, *Justice Department details case against New Jersey senator*, http://www.cnn.com/2017/08/30/politics/bob-menendez-federal-government-case-preview/, August 30, 2017; Jody Godoy, *'Prior Good Acts' Not Allowed in Menendez Trial, Feds Say*, https://www.law360.com/articles/959094, August 30, 2017.

With its unnecessary presentation, irrelevant to the actual legal issues in the "brief," the gratuitous filing will make it harder to fill the remaining jury spot. The prosecutors' filing now requires even more rigorous individual *voir dire* of any potential juror to see if the "brief" and extensive media it has generated has tainted potential jurors. A similar inquiry is also needed for the jurors already seated.

As to the very few real legal issues that the "Trial Brief" raises, the Defendants will respond in a separate pleading at a time that will not interfere with jury selection, unless the Court instructs otherwise. The defense response will not include a complete counter-narrative. As the Rules of Professional Conduct require and as our clients have directed, the defense stands ready to try this case in the courtroom and not in the press.

---

[1] The one filing that Defendants made after jury selection, concerning the trial schedule and voting, was in fact discussed in Court as something that would be filed and contains no irrelevant material to address the facts or theories of the case.

Greenbaum Rowe
Smith & Davis LLP

Honorable William H. Walls
August 30, 2017
Page 3

                                                            Respectfully submitted,

                                                            /s/ Raymond M. Brown
                                                            Raymond M. Brown

                                                            **GREENBAUM ROWE SMITH & DAVIS LLP**
                                                            Metro Corporate Campus One
                                                            P.O. Box 5600
                                                           Woodbridge, NJ 07095
                                                           rbrown@greenbaumlaw.com
                                                           (732) 476-3280
                                                           *Counsel for Defendant*
                                                           *Senator Robert Menendez*

| | |
|---|---|
| s/ Kirk Ogrosky | s/ Abbe David Lowell |
| Kirk Ogrosky | Abbe David Lowell |
| Murad Hussain | Jenny R. Kramer |
| **ARNOLD & PORTER KAYE SCHOLER LLP** | Christopher D. Man |
| 601 Massachusetts Avenue, N.W. | Victoria V. Corder |
| Washington, D.C. 20001 | **NORTON ROSE FULBRIGHT US LLP** |
| Kirk.Ogrosky@aporter.com | 1200 New Hampshire Avenue, N.W. |
| (202) 942-5330 | Washington, D.C. 20036 |
| *Counsel for Defendant* | adlowell@nortonrosefulbright.com |
| *Dr. Salomon Melgen* | (202) 974-5600 |
| | *Counsel for Defendant* |
| | *Senator Robert Menendez* |

/s Jonathan Cogan
Jonathan Cogan
Samuel A. Stern
**KOBRE & KIM LLP**
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
matthew.menchel@kobrekim.com
 (305) 967-6108
*Counsel for Defendant*
*Dr. Salomon Melgen*
Kirk Ogrosky
Murad Hussain